1   SHARON M. NAGLE – 179124
    Bold, Polisner, Maddow, Nelson & Judson
2   A Professional Corporation
    2125 Oak Grove Road, Suite 210
3   Walnut Creek, CA 94598
    (925) 933-7777 – Telephone
4   (925) 933-7804 – Fax
    Email: snagle@bpmnj.com
5
    Attorneys for Defendant
6   The Honorable Molly Bigelow, Judge of the
    Superior Court of California, County of Shasta
7

8                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
9

10  ANDRIY LYASHCHENKO and          )   Case No. 2:25-cv-3494-DAD-DMC
    ALEXANDRA LYASHCHENKO,          )
11                                  )   DEFENDANT JUDGE MOLLY
                  Plaintiffs,       )   BIGELOW'S NOTICE OF MOTION
12                                  )   AND MOTION TO DISMISS
    vs.                             )   PLAINTIFF'S COMPLAINT
13                                  )
    SHASTA COUNTY HEALTH AND        )   Date:    February 18, 2026
14  HUMAN SERVICES AGENCY, et al.   )   Time:    10 a.m.
                                    )   Courtroom: 304
15                Defendants        )   Hon. Dennis M. Cota
    _____)
16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

TO PLAINTIFFS ANDRIY LYASHCHENKO and ALEXANDRA

LYASHCHENKO: PLEASE TAKE NOTICE that on February 18, 2026, at 10:00 a.m., in

Courtroom 304 of the United States District Court, Eastern District of California, located at

2986 Bechelli Lane, Redding, California, defendant Molly Bigelow, Judge of the Superior

Court of California, County of Shasta will, and hereby does, move this Court pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiffs'

complaint against her.

       Judge Bigelow moves to dismiss Plaintiffs' complaint because Plaintiffs lack standing

and this Court lacks subject matter jurisdiction pursuant to *Younger* abstention and the

Eleventh Amendment. Further, the complaint is based exclusively on Judge Bigelow's

official, judicial acts, and thus it is barred by absolute judicial immunity. Additionally, the

Anti-Injunction Act bars Plaintiffs' request for injunctive relief. Thus, for each of the reasons

set forth herein, Judge Bigelow respectfully requests that the Court grant this motion and

dismiss Plaintiffs' complaint against her without leave to amend.

       This motion is based on this Notice, the Memorandum of Points and Authorities, all

pleadings, files and records in this action, and on such other argument as may be received by

the Court at or before the hearing of this motion.

DATE: December 24, 2025            BOLD, POLISNER, MADDOW, NELSON & JUDSON

                       By: /s/ Sharon M. Nagle
                          SHARON M. NAGLE
                          Attorneys for Defendant, the Honorable Molly
                          Bigelow,
                          Judge of the Superior Court of California,
                          County of Shasta

1

**<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION ......................................................................................................... 1

II.     STATEMENT OF FACTS ......................................................................................... 1

III.    PLAINTIFFS LACK STANDING  ............................................................................ 4

IV.     THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION ................... 5

        A.  The *Younger* Abstention Doctrine Bars Plaintiffs' Claims Against Judge Bigelow .. 5

        B.  The Eleventh Amendment Bars the Complaint Against Judge Bigelow .................... 7

V.      PLAINTIFFS FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE

        GRANTED ................................................................................................................ 8

        A.  Judge Bigelow is Entitled to Absolute Judicial Immunity ........................................ 9

        B.  The Anti-Injunction Act Bars Plaintiffs' Injunctive Relief ..................................... 10

VI.     CONCLUSION ......................................................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## Cases

. *U.S. v. Hays*, 515 U.S. 737, 742 (1995).................................................................................................4

*Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d 1267, 1271 (1982.).....................................................11

*American Acad. of Pediatrics v. Lungren,* 16 Cal.4th 307, 348, 66 Cal.Rptr.2d 210, 940 P.2d 797 (1997). ....6

*Ashcroft v. Iqbal*, 556 U.S. 662  (2009)...................................................................................................8

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).............................................................................8

*Bradley v. Fisher*, 80 U.S. 335 (1871).....................................................................................................9

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988)..................................................................10

*Egehoff ex rel. Briener,* 532 U.S. 141, 151 (2001).................................................................................6

*Forrester v. White*, 484 U.S. 219 (1988).................................................................................................9

*H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610 (2000) ............................................................................5

*Hafer v. Melo*, 502 U.S. 21 (1991)..........................................................................................................7

*Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995) ........5

*In re People on Behalf of Syson,*184 Cal.App.2d 111, 117 (1960). .......................................................6

*Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).................................................................................7

*Middlesex County Ethics Committee v. Garden State Bar Assoc.,* 457 U.S. 423, 431 (1982) ................7

*Mireles v. Waco*, 502 U.S. 9 (1991) ........................................................................................................9

*Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996)....................................................................9

*Moore v. Sims*, 442 U.S. 415, 435 (1979)................................................................................................6

*Munoz v. Superior Court of Los Angeles County,* 91 F.4th 977, 980 (9th Cir. 2024) ...........................7

*Munoz v. Superior Court of Los Angeles,* 91 F.4th 977, 981 (2024).......................................................8

*Muskrat v. U.S.* (1911) 219 U.S. 346, 361 ..............................................................................................4

*Pennhurst State School & Hosp.,* 465 U.S. 89, 101-02 (1984.................................................................8

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)................................................................................6

DEFENDANT JUDGE MOLLY BIGELOW'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Quinn v. Kibodeaux,* 837 Fed. Appx. 500.................................................................................5

*Robinson v. United States,* 586 F.3d 683 (9th Cir. 2009)...........................................................5

*Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp.,* 428 F.3d 831, 842 (9th Cir. 2005)...........................10

*Stump v. Sparkman,* 435 U.S. 349 (1978)...................................................................................9

*U.S. v. Hays,* 515 U.S. 737, 742 (1995).) Article III standing requires: 1. ...................................4

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 475-476, (1982)...4

*Whole Woman's Health,* 595 U.S. at 39 ......................................................................................8

*Whole Woman's Health v. Jackson* (2021) 595 U.S. 30.................................................................4

*Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989).................................................................7

*Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004) .............................................................5

*Younger*....................................................................................................................................6

**Statutes**

28 U.S.C. § 2283. .....................................................................................................................10

Cal. Code Civ. Proc § 3422(a) ...................................................................................................6

Cal. Welf. & Inst. Code, § 300 ...................................................................................................6

Cal. Welf. & Inst. Code, § 303 ...................................................................................................6

Cal. Welf. & Inst. Code, § 366 ...................................................................................................6

Cal. Welf. & Inst. Code, § 366.3(a) ...........................................................................................6

**Rules**

Federal Rule of Civil Procedure  12(b)(1).............................................................................1, 5

Federal Rule of Civil Procedure 12(b)(6).............................................................................1, 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiffs bring this action against the Honorable Molly Bigelow, Judge of the Superior Court of California, County of Shasta, in connection with Judge Bigelow's rulings in a state court dependency matter.  Plaintiffs' complaint must be dismissed because they lack standing. Further, the complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which bars federal court interference in state court proceedings, and the Eleventh Amendment, which bars actions against state actors such as Judge Bigelow sued in their official capacity.

Alternatively, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not state a claim upon which relief may be granted.  The complaint challenges judicial acts which are protected by absolute judicial immunity, and, therefore, Plaintiffs' claims are barred as a matter of law.  Nor are Plaintiffs entitled to the declaratory or injunctive relief they seek in the first instance. Even if they were, Plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act.

Plaintiffs cannot cure these jurisdictional and immunity defects by amending the complaint. Thus, this Court should grant this motion to dismiss without leave to amend.

## II.     STATEMENT OF FACTS

In June 2024, the County of Shasta Health and Human Services Agency ("County") removed Plaintiffs' child S.L. from the family home.[1]  The County then instituted proceedings

---

[1] Judge Bigelow recites only facts relevant to the instant motion.

in the Dependency Court. Plaintiffs allege the proceedings began because they do not "affirm [S.L.] as 'Transgender.'" (ECF 1, 5:10-16.) According to the complaint, the County's Second Amended Petition alleges that the Lyashchenkos are not capable of providing S.L. with appropriate care. (ECF 1, 27:8-19.) While the allegations in the complaint are not entirely clear, it appears that S.L. is currently in foster care with defendant Margaret "Maggie" Kenefick, who wants to adopt S.L. (ECF 1, 25:1-7.)

Following a hearing on June 2, 2025, Judge Bigelow issued "Disposition Findings and Orders" on August 29, 2025.  Judge Bigelow ordered S.L. "a dependent of the Shasta County Juvenile Court pursuant to § 300 W&I Code Subsection (c)" and further ordered that physical custody of S.L. be returned to Plaintiffs. (ECF 1, 29:24-30:2.) Plaintiffs allege that on November 25, 2025, the County recommended that family reunification services be terminated as to Plaintiffs. (ECF 1, 31:5-7.)

Plaintiffs allege that Judge Bigelow admonished all parties in the Dependency Court to not discuss the proceedings with persons outside of the courtroom, an order which Plaintiffs refer to as a "Blanket Gag Order."  (ECF 1, 12:7-9; 45:3-5.)  Plaintiffs allege that "[t]hey have published, and will continue to publish, their opinions regarding Dependency Court in general, and regarding the entire "Transgender" issue in general." (ECF 1, 45:6-9.) Specifically, Plaintiffs created social media posts regarding defendant Patricia Dougherty, Ed.D, the chief executive officer of Phoenix Charger Academy College View school and received a "cease and desist" letter in response to the posts. (ECF 1, 10:24-26; 45:10-14.) Plaintiffs allege that Judge Bigelow failed to consider competing interests or explain how the "Blanket Gag Order" was couched in the narrowest terms possible.  As a result, Plaintiffs allege that the "Blanket Gag Order" is a prior restraint on speech.  (ECF 1, 46:6-21; 47:1-3.)

1    Plaintiffs further allege that the dependency proceedings are criminal in nature and,

2 therefore, Plaintiffs should be afforded rights provided in criminal trials, such as the right to a

3 speedy trial, use of the proof beyond a reasonable doubt standard, a public trial, and the right to

4 a jury trial. (ECF 1, 50, 25-28.) Additionally, Plaintiffs allege that hearsay evidence exceptions

5 as set forth in California Welfare and Institutions Code section 355 should not be used in

6 dependency proceedings. (ECF 1, 4-7.) Finally, Plaintiffs seek a declaration that parents have a

7 right to have their child housed with members of the same sex while their child is in foster care

8 "regardless of any claimed "Gender Identity."" (ECF 1, 56:21-23.)

9    Plaintiffs seek declaratory and injunctive relief against Judge Bigelow, not monetary

10 damages, asking this Court to issue the following declaratory judgments: (1) that "defendants"

11 in Dependency Court are presumed innocent and afforded a jury trial, the standard of proof is

12 proof beyond a reasonable doubt, the "Reporting Party" disclosed, and that hearsay evidence is

13 inadmissible; (2) California Code Regs. Tit. 22, § 89387(a)(2)(C) is deleted and the term

14 "Gender Identity" is meaningless; (3) Judge Bigelow's "Blanket Gag Order" is an

15 impermissible prior restraint on speech and all speech regarding a Depdendency case is

16 protected, other than a minor's name, photo, or identifying information. (ECF 1, 58:7-21.)

17    Plaintiffs also seek permanent injunctions: (1) prohibiting "the State of California[2]

18 from enforcing Judge Bigelow's "Blanket Gag Order"; (2) "prohibiting the State of California

19 from conducting a court trial in a Dependency Court prosecution, unless and until Defendant

20 has waived the right to a jury trial"; (3) prohibiting the State of California from enforcing "the

21 accusatory hearsay exception found in Welfare and Institutions Code § 355"; and (4)

---

[2] Plaintiffs allege that Judge Bigelow "is a figurehead for the State of California." (ECF 1, 11:6-9.)

DEFENDANT JUDGE MOLLY BIGELOW'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

prohibiting the State of California from enforcing Cal. Code Regs. Tit. 22, § 89387(a)(2)(C) to the extent it permits a minor male to share a room with a minor female.  (ECF 1, 58:22-26-59:13.)

### III.    PLAINTIFFS LACK ARTICLE III STANDING

Article III standing is mandatory and not subject to waiver. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Article III standing requires: 1) an actual or imminent injury in fact that is concrete and particularized; 2) a causal connection between the injury and the conduct complained of; and 3) redressability such that it is likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision. *Hays,* 515 U.S. 742-43. Article III confers on the judiciary "the right to determine actual controversies arising between adverse litigants." *Muskrat v. U.S.* (1911) 219 U.S. 346, 361. A party who cannot meet the requirements of Article III standing may not litigate in federal court. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-476, (1982).

State court judges are not adverse to litigants for purposes of Article III. *See Whole Woman's Health v. Jackson* (2021) 595 U.S. 30, 40 ("[N]o case or controversy exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." (citations and quotations omitted.) The Ninth Circuit has affirmatively stated, "Article III prevents federal courts from adjudicating claims when the parties lack the required adverse legal interests. *Suits against state judges who are adjudicating cases pursuant to state law raise serious questions about the existence of a justiciable controversy between the parties.*" *Grant v. Johnson*, 15 F.3d 146, 147 (9th Cir. 1994) (emphasis added).  Further, judges applying state law act as "neutral adjudicators" and cannot be sued in a Section 1983

DEFENDANT JUDGE MOLLY BIGELOW'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

claim challenging the constitutionality of a state law.  *Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004). Here, there is no justiciable controversy between Judge Bigelow and Plaintiffs. As a result, Plaintiffs lack standing, and their claims must be dismissed.

## IV.    THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

A motion to dismiss is appropriate when the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden of proving that the court has jurisdiction over the claims.  *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009).  Plaintiffs cannot meet that burden here.

### A.    THE *YOUNGER* ABSTENTION DOCTRINE BARS PLAINTIFFS' CLAIMS AGAINST JUDGE BIGELOW

The Court must abstain from interfering with the ongoing Dependency Court proceedings underlying Plaintiffs' federal complaint. *Younger* abstention, , states that absent extraordinary circumstances, abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995) ("*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings").  "[F]ederal courts are required to abstain from interfering with pending state court proceedings where the federal action would have the practical effect of enjoining the state proceedings." *Quinn v. Kibodeaux,* 837 Fed. Appx. 500 (2021) (internal quotations omitted); *see also H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610 (2000) (*Younger* applied because plaintiffs sought "vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation.") This

abstention doctrine derives from principles of equity, comity, and federalism. *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004).

Here, state court proceedings are ongoing. A California juvenile court retains jurisdiction over dependent children through the entirety of the dependency proceedings and may retain jurisdiction until the dependent reaches the age of 21. *See* Cal. Welf. & Inst. Code, §§ 300, 303, 366, 366.3(a). Further, California juvenile courts have exclusive jurisdiction over dependency matters such as the underlying state court action here. Cal. Welf. & Inst. Code, § 300. "While the Juvenile Court, on adequate facts, retains jurisdiction and stays within the bounds of its legal power, no other court has the right to interfere with its supervision, for the state, of the children involved." *In re People on Behalf of Syson,* 184 Cal.App.2d 111, 117 (1960). Judge Bigelow ordered that S.L., who is a minor, is a dependent of the Juvenile Court. Further, Plaintiffs allege that S.L. remains in "government custody" and that Ms. Kenefick wants to adopt S.L. (ECF 1, 13:13; 25:4-7; 29:25-26; 30:17.) Thus, the Dependency Court proceedings are ongoing for purposes of *Younger.*

Further, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979), *Egehoff ex rel. Briener,* 532 U.S. 141, 151 (2001). States have a compelling interest in "the protection of the physical, emotional, and psychological health of minors." *American Acad. of Pediatrics v. Lungren,* 16 Cal.4th 307, 348, 66 Cal.Rptr.2d 210, 940 P.2d 797 (1997).

Finally, to the extent Plaintiffs challenge the application of California state statutes, they can raise their concerns in state court. When analyzing this prong of *Younger,* "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987).

1  "Minimal respect for the state processes, of course, precludes any *presumption* that the state

2  courts will not safeguard federal constitutional rights." *Middlesex County Ethics Committee v.*

3  *Garden State Bar Assoc.,* 457 U.S. 423, 431 (1982) (emphasis in original.) Thus, even if this

4  Court does not grant Judge Bigelow's motion to dismiss, it should abstain pending resolution

5  of the state court proceedings.

6

7  **B.  The Eleventh Amendment Bars the Complaint Against Judge Bigelow**

8      This Court lacks subject matter jurisdiction because the Eleventh Amendment bars

9  suits which seek damages or injunctive relief against a state, an arm of the state, its

10  instrumentalities, or its agencies, including state Superior Court officials and judicial officers

11  based on alleged actions taken in their official capacities, as here.

12      "[T]he Superior Court of the State of California has sovereign immunity as an arm of

13  the state." *Munoz v. Superior Court of Los Angeles County,* 91 F.4th 977, 980 (9th Cir. 2024).

14  The Eleventh Amendment's grant of sovereign immunity bars relief against state entities and

15  extends to individual defendants acting in their official capacities. *See Pena v. Gardner,* 976

16  F.2d 469, 472 (9th Cir. 1992); *see also Hafer v. Melo*, 502 U.S. 21 (1991) (holding that a

17  defendant official acting in his official capacity receives the same immunity as the government

18  agency to which he belongs). Indeed, claims against state officers in their official capacity are

19  "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S.

20  58, 71 (1989). Consequently, the Eleventh Amendment precludes a district court from

21  asserting jurisdiction over claims against state officials sued in their official capacities. *Leer v.*

22  *Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).

23

24      "[A]s when the State itself is named as the defendant, a suit against state officials that

25  in fact is a suit against the State is barred regardless of whether it seeks damages or injunctive

26

27                                      7

28

1   relief." *Pennhurst State School & Hosp.,* 465 U.S. 89, 101-02 (1984) (citation omitted).  In

2   *Whole Woman's Health,* 595 U.S. at 39, the United States Supreme Court reasoned that judges

3   and court clerks "do not enforce state laws as executive officials might; instead, they work to

4   resolve disputes between parties." *Id.* Thus, the Court affirmed the District Court order

5   dismissing the complaint as to, inter alia, a state-court judge and clerk based on Eleventh

6   Amendment immunity. *Whole Woman's Health,* 595 U.S. at 51. In so ruling, the Court

7   observed that, "an injunction against a state court" or its "machinery" "would be a violation of

8   the whole scheme of our Government." *Whole Woman's Health,* 595 U.S. at 30. The Ninth

9   Circuit also recently confirmed that federal courts "have no power to resolve claims brought

10   against state courts or state court judges acting in a judicial capacity." *Munoz,* 91 F.4th at 981.

11   

12       Here, Plaintiff names Judge Bigelow as a defendant based on her official acts while

13   acting as a state court judicial officer.  Thus, Plaintiff's claims against her are barred by the

14   Eleventh Amendment, and for this reason alone, the motion to dismiss should be granted.

15   

16   **V.    PLAINTIFFS FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED**

17   

18       Even if this action were not otherwise barred, the complaint should be dismissed

19   because Plaintiffs fail to state a claim upon which relief may be granted. A complaint can

20   survive a Rule 12(b)(6) motion to dismiss only if it contains "sufficient factual matter…to

21   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678

22   (2009) citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Plaintiffs fail to do so

23   here because all claims against Judge Bigelow are barred by absolute judicial immunity, and

24   Plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act

25   

26   ///

27                                          8

28

**A. Judge Bigelow Is Entitled to Absolute Judicial Immunity**

Judicial officers are entitled to unqualified immunity from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity provides not only immunity from the assessment of damages, but immunity from suit. *Id.* Therefore, the complaint must be dismissed pursuant to Rule 12(b)(6).

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). As the Supreme Court has observed, "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 227 (1988).

The Court in *Stump v. Sparkman,* 435 U.S. 349, 362 (1978) stated that:

> [T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Absolute judicial immunity applies to bar claims for damages even when a plaintiff alleges that the judge acted corruptly. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355–356. Absolute judicial immunity bars claims for damages as well as injunctive relief. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superseded by statute on other grounds). Thus, Plaintiffs' allegations that defendants "knew and believed they were violating

the Lyashchenkos [sic] rights" and "intentionally devastated the Lyashchenkos emotionally"

do not abrogate judicial immunity. (See, e.g., ECF 1, 7:1; 8:25.)

The instant complaint is based exclusively on Judge Bigelow's official, judicial acts.

For example, Plaintiffs seek relief based on Judge Bigelow's imposition of a "Blanket Gag

Order" prohibiting them from discussing the Dependency Court proceedings outside of the

courtroom and conducting the Dependency Court proceedings in accordance with recognized

evidentiary rules. Determining the proper procedural and evidentiary rules and admonishing

parties of the existence of rules are quintessentially judicial acts protected by absolute judicial

immunity. Thus, Plaintiffs' claims based on these judicial acts are barred by absolute judicial

immunity and they should be dismissed without leave to amend.

### B.  The Anti-Injunction Act Bars Plaintiffs' Injunctive Relief

Plaintiffs' request for injunctive relief is expressly prohibited by the Anti-Injunction

Act. The Act states that a federal court "may not grant an injunction to stay proceedings in a

State court except as expressly authorized by Act of Congress…." 28 U.S.C. § 2283. This

statute rests on "the fundamental constitutional independence of the States and their

courts…." *Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp.,* 428 F.3d

831, 842 (9th Cir. 2005). "[A] federal court does not have inherent power to ignore the

limitations of § 2283 and to enjoin state court proceedings merely because those proceedings

interfere with a protected federal right or invade an area pre-empted by federal law, even when

the interference is unmistakably clear." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149

(1988). "[W]hen a state proceeding presents a federal issue, even a pre-emption issue, the

proper course is to seek resolution of that issue by the state court." *Id*. at 149-150. Moreover,

any doubts as to whether the Anti-Injunction Act bars a federal action "should be resolved in

DEFENDANT JUDGE MOLLY BIGELOW'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    favor of permitting the state courts to proceed in an orderly fashion to finally determine the

2    controversy." *Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d 1267, 1271 (1982.)

3            In this case, Plaintiffs seek permanent injunctions which, if granted, would directly

4    interfere with state court dependency proceedings. (*See* ECF 1, 58:22-26-59:13 (Plaintiffs

5    seek, for example, an injunction prohibiting enforcement of the "Blanket Gag Order.") The

6    complaint is therefore barred by the Anti-Injunction Act to the extent it seeks to enjoin or

7    overturn the state court proceedings.

8

9    **VI.    CONCLUSION**

10            This Court lacks subject matter jurisdiction to grant Plaintiffs relief based on *Younger*

11    abstention and the Eleventh Amendment. Alternatively, Plaintiffs fail to state a claim upon

12    which relief may be granted because all claims are barred by absolute judicial immunity and

13    injunctive relief is barred by the Anti-Injunction Act. Because Plaintiffs cannot remedy these

14    jurisdictional and immunity bars to suit by amendment, the motion to dismiss should be

15    granted without leave to amend.

16

17    DATE: December 24, 2025            BOLD, POLISNER, MADDOW, NELSON & JUDSON

18

19

20                                    By: /s/ Sharon M. Nagle
                                           SHARON M. NAGLE
21                                         Attorneys for Defendant Hon. Molly Bigelow,
                                           Judge of the Superior Court of California,
22                                         County of Shasta

23

24

25

26

27
       DEFENDANT JUDGE MOLLY BIGELOW'S NOTICE OF MOTION AND
28              MOTION TO DISMISS PLAINTIFFS' COMPLAINT