**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Zachary J. Ayre, SBN 356392
zayre@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706
Attorneys for Defendants COUNTY OF SHASTA, CRYSTAL NELSON, JENNIFER SZEPHEGYI-JOHNSON, NIKKI QUINTANA, SHANNON ANDERSON, JARED FOSTER
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRIY LYASHCHENKO and ALEXANDRA LYASHCHENKO,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY; CRYSTAL NELSON in her official capacity; JENNIFER SZEPHEGYI-JOHNSON in her official capacity; NIKKI QUINTANA in her official capacity; SHANNON ANDERSON in her official capacity; JARED FOSTER in his official capacity; PATRICIA DOUGHERTY, D.Ed. in her individual capacity and as *de facto* govt. actor; MICHELLE A. SAGER, M.D. in her individual capacity and as *de facto* govt. actor; MICHAEL HORAN in his individual capacity and as *de facto* govt. actor; MARGARET "MAGGIE" KENEFICK in her individual capacity and as *de facto* govt. actor; HON. MOLLY BIGELOW in her official capacity only; OFFICE OF THE CALFORNIA ATTORNEY GENERAL; and DOES 1-100,<br><br>Defendants.<br>_____/ | CASE NO. 2:25-CV-3494-DAD-DMC<br><br>**SHASTA COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OUR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Date: February 11, 2026**<br>**Time: 10:00 A.M.**<br>**Courtroom: 304, 3rd Floor**<br><br>Complaint Filed: 12/03/2025 |

Defendants COUNTY OF SHASTA (erroneously also sued as SHASTA COUNTY HEALTH & HUMAN SERVICES AGENCY), CRYSTAL NELSON, JENNIFER SZEPHEGYI-JOHNSON, NIKKI QUINTANA, SHANNON ANDERSON, JARED FOSTER ("Shasta County Defendants") move to dismiss the Complaint of Plaintiffs Andriy Lyashchenko and Alexandra Lyashchenko ("Plaintiffs") pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and (6), and submits the following Memorandum of Points and Authority in support:

## I.   INTRODUCTION

This case appears to arise out of ongoing dependency proceedings before the Shasta County superior court, after Plaintiffs' minor child was seized and made a dependent of the court. Plaintiffs complain of the warrantless seizure and language in the Petitions but assert no federal claims against the Shasta County Defendants save *Monell* type claims against the County. Plaintiffs admit the minor is still a dependent of the court and primarily appears to seek relief against the Shasta County superior court.

Defendants submit either this court should abstain from jurisdiction, or the claims fail to state sufficient facts to proceed.

## II.   ALLEGATIONS

Plaintiffs allege that Shasta County Child Protective Services social worker CRYSTAL NELSON removed their child ("S.L.") on June 3, 2024. (Paragraph 29, complaint). On June 5, 2024, a juvenile dependency petition, signed by NIKKI QUINTANA, was filed based on an allegation of emotional abuse stemming from Plaintiffs refusal to "affirm" S.L.'s asserted transgender identity. (Paragraphs 30, 126, 128, Complaint). Plaintiffs allege several misrepresentations in the petition which they deny. (See Paragraphs 127, 135-136, 147-148, Complaint). This petition was allegedly twice amended, the last one on February 3, 2025. (Paragraphs 42, 44, 158, 188, 193, Complaint). It is unclear if any of the claimed misrepresentations[1] remained in the last version of the petition, which was granted on March 8, 2025. (Paragraph 197, Complaint). On May 5, 2025, a Dispositional hearing occurred (Paragraph 198, Complaint), apparently continued on June 2, 2025 when the matter was taken under submission. (Paragraph 212, Complaint). On August 29, 2025, Shasta County Juvenile Court Judge Bigelow issued an order, taking jurisdiction over the minor child, but returning physical custody to

---

[1] Plaintiffs later appear to admit that "all claims of abuse were dropped." (See Paragraph 226, Complaint).

2

**SHASTA COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OUR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4873-9366-9235, v. 1

Plaintiffs. (Paragraphs 213-219, Complaint). On November 25, 2025, it was allegedly recommended that the child remain a dependent of the court. (Paragraph 222, Complaint). Plaintiffs state the minor child "remains in government custody." (Paragraph 226, Complaint).

Plaintiffs assert nine causes of action; as against Shasta County, these include claims for relief based on violations of the Fourth and Fourteenth Amendment, to include Substantive Due Process, and Equal Protection violations. Plaintiff also includes a common law claims for intentional infliction of emotional distress. Shasta County Defendants[2] move to dismiss.

### III.   LEGAL STANDARD

A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination. See, e.g., *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Federal Rule of Civil Procedure (Rule) 12 (b)(6) provides for a dismissal of an action for "failure to state a claim upon which relief can be granted." Fed R. Civ. P 12(b)(6). For a 12 (b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo,* 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen'l Contractors v. Metro Water District*, 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See, *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).

/ / /

/ / /

/ / /

/ / /

---

[2] Despite naming CRYSTAL NELSON, JENNIFER SZEPHEGYI-JOHNSON, NIKKI QUINTANA, SHANNON ANDERSON as defendants, no claims are asserted against them.

## III. ARGUMENT

### A. THIS COURT SHOULD DISMISS UNDER THE ROOKER/FELDMAN DOCTRINE

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Courts have routinely found there is no federal jurisdiction on these grounds. See *Boatley v. Arizona Dep't of Econ. Sec.*, 689 F. App'x 520 (9th Cir. 2017) (affirming dismissal for lack of subject matter jurisdiction under the Rooker-Feldman doctrine to challenge to the actions of the Arizona Juvenile Court); *Wood v. Cty. of Contra Costa*, No. 19-CV-04266-MMC, 2019 WL 4963264, at *4 (N.D. Cal. Oct. 8, 2019) (no jurisdiction where the claims arose from allegations "all defendants entered into an "enterprise" to cause her to lose custody of her children, and that certain of the defendants caused her to be deprived of her federal civil rights as a result of the manner in which the state court conducted the proceedings"). See also e.g. *Plunkett v. Rountree*, 2015 WL 1505970 (S.D.Ga. Mar. 21, 2015) (finding that the Rooker–Feldman and Younger abstention doctrines apply in case challenging child custody proceedings in state juvenile court); *Cross v. Doctors Hosp. of Augusta, LLC*, 2014 WL 2440544 (M.D.Ga., May 30, 2014) (finding the Rooker–Feldman doctrine bars plaintiff's constitutional claims arising out of juvenile court proceedings); *St. Germain v. Gee*, 2010 WL 5394883 (M.D.Fla., Oct. 8, 2010) ("Because the complaint essentially challenges a state court's custody decision, the lawsuit is barred for lack of subject matter jurisdiction under the Rooker–Feldman doctrine.").

Here, the gravamen of the complaint involving the moving Defendants is based on Plaintiffs' attempt to challenge a Shasta Superior court family matter and events that occurred during the investigation and proceedings of the same. Defendant submits the Rooker/Feldman doctrine would bar any claim that necessarily implies a harm flowing from the state-court judgment. The extent of the claims are related to matters that were to be addressed at the State Court level. Accordingly, the court should find the Rooker/Feldman doctrine would bar this court from exercising jurisdiction over the claims asserted against this moving Defendant, and thus the motion should be granted and this case dismissed.

/ / /

/ / /

### B. THE COURT SHOULD DISMISS UNDER THE YOUNGER DOCTRINE

The Supreme Court in *Younger v. Harris*, 401 U. S. 37 (1971) "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances, Younger abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel*, 145 F.3d at 1103; see also *Woodfeathers, Inc. v. Washington County, Oregon*, 180 F.3d 1017, 1020 (9th Cir.1999). When the case is one in which the Younger doctrine applies, the case must be dismissed. See *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir.1998).

Here, alternatively, and to the extent that there is a present and ongoing state juvenile Court proceedings, the current matter should be dismissed. Defendants submit that Plaintiffs cannot reasonably contest that family and domestic relations are an important state interest. Based on the Complaint it seems that the State proceedings are ongoing with statements regarding the custody of the child being presented as recently as November 25, 2025. (ECF 1, pg. 31:222). In addition, there is no reason why Plaintiffs will be unable to raise any constitutional claims in the family court proceeding. See *Johnson v. Child Protective Servs.*, 2017 WL 4387309, at *4 (E.D. Cal. Oct. 3, 2017) (dismissing on several grounds, including Younger); and *Scharfenberger v. Jacques*, No., 2020 WL 589421, at *2 (E.D. Cal. Feb. 6, 2020) (same) Therefore, to the extent not barred under Rooker/Feldman, the claims are barred by Younger, and therefore the motion should be granted.

### C. THE COURT SHOULD ABSTAIN FROM JURISDICTION BECAUSE THE CASE CONCERNS FAMILY ISSUES

Federal courts have long applied the "domestic relations exception" to accepting jurisdiction over claims for relief that would require it to grant a divorce, determine alimony or support obligations, or resolve parental conflicts over the custody of their children. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); see *In re Burrus*, 136 U.S. 586 (1980); see also *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982). The presence of family-related matters in this action argues strongly for the total abstention of jurisdiction under the domestic relation exception. See *Mojica v. Nogueras–Cartagena*, 573 F.Supp.2d 520, 523 (D.P.R.2008) (finding that even if a case is not strictly fit for the application of the

domestic relations exception, principles of comity would still make abstention appropriate) (citing *Armstrong v. Armstrong*,508 F.2d 348 (1st Cir.1974); see *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir.1981) ( "[A]lthough the exception has been narrowly confined, we and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception."); see *LaMontagne v. LaMontagne*, 394 F.Supp. 1159, 1169 (D.Mass.1975) (holding that reasons of comity and common sense made abstention appropriate where, although father of minor child sued mother, probation officers and others alleging violation of Eighth and Fourteenth Amendment rights, the action was essentially a domestic relations contest). Here, Plaintiffs clearly assert their claims based on the resolution of the conflict regarding their parental rights as considered in the authority above, warranting total abstention. Therefore, the motion should be granted.

### D. ALL CLAIMS ARISING FROM WHAT OCCURRED DURING THE STATE PROCEEDINGS ARE IMPROPER COLLATERAL ATTACKS ON THOSE PROCEEDINGS

"Collateral attack is a jurisdictional issue that is properly addressed under a Rule 12(b)(1) motion." *State Farm Mut. Auto. Ins. Co. v. Indus. Pharmacy Mgmt., LLC*, 2009 WL 2448474, at *4 (D. Haw. Aug. 11, 2009) (citing *United States v. Lowry*, 512 F.3d 1194, 1203 (9th Cir. 2008) (affirming the district court's conclusion that it did not have jurisdiction to consider a collateral attack). Whether considered jurisdictional or not, the collateral attack doctrine stands for the proposition that "it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). In other words, a collateral attack questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment. *Meinhard–Commercial Corp.*, 462 F.2d 358, 360 (5th Cir.1972).

State law is the same: a collateral attack is brought in a proceeding not having the specific purpose of attacking a judgment or order – "it is an attempt to avoid the effect of a judgment or order made in some other proceeding." (*Gonzales v. California*, 68 Cal. App. 3d 621, 632 (1977), citing 5 Witkin, Cal. Procedure (2d ed. 1971) p. 3587.)

Here, Plaintiffs are attempting to show issues that occurred and are ongoing in the Juvenile Court proceedings have infringed on their parental rights. These include false petition filing, removal of their child, and unhelpful Judicial rulings. All of these issues are under the purview of the State Court, and cannot be called into question by a District Court without a question of the validity of the law. Therefore, Defendants contend that Plaintiffs' Complaint should be dismissed.

### E. ABSOLUTE IMMUNITY APPLIES TO THE FILING OF THE JUVENILE PETITIONS, AND THUS THE FIRST AND THIRD CLAIMS WERE BASED THEREON FAIL

Assuming arguendo the court does not dismiss as argued above, the first and third claims appear to be based in part of allegedly false statement in the petitions.  (e.g. Paragraphs 252-254, 293, Complaint).  Defendants submit notwithstanding that these claims are couched as *Monell* type claims, any underlying violation based on the petitions are entitled to absolute immunity.

"Social workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents.'" *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2008); The scope of this immunity is akin to the scope of absolute prosecutorial immunity, which applies to conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  A social worker acts as a legal advocate when initiating court proceedings such as the filing of the initial Detention Report.  See e.g. *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir.2000).  Here, Plaintiffs base their claims in part on the quasi-prosecutorial decision to file the petitions.  Thus, absolute immunity would bar such claims.

### F. PLAINTIFFS' FOURTH AMENDMENT CLAIM SHOULD BE DISMISSED BECAUSE THEY CANNOT BRING A CLAIM BASED UPON THE PURPORTED VIOLATION OF ANOTHER PERSON'S RIGHTS

Although not numbered, the fourth claim is based on the Fourth Amendment seizure of the child, and is asserted against the County and Deputy FOSTER.  However, Fourth Amendment rights are specific to the individual, and Plaintiffs themselves was not subject to any search or seizure.  See *Rakas v. Illinois*, 439 U.S. 128, 133-34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) ("Fourth Amendment rights are personal rights which ... may not be vicariously asserted.") (quoting *Alderman v. United States*, 394 U.S.

165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)).

Here, S.L. is not a party to the current action. Additionally, the parents were not the ones seized within the meaning of the Fourth Amendment. Their interest in S.L.'s custody is a liberty interest, not a Fourth Amendment privacy or security interest. Therefore, Plaintiffs' Fourth Amendment claim should be dismissed without leave to amend.

### G. ANY *MONELL* CLAIM AGAINST THE COUNTY FAILS AS A MATTER OF LAW

The first, second and third claims are asserted against the County only, and thus are *Monell-type* claims. A local government entity cannot be held liable under § 1983 "solely because it employs a tortfeasor —or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept, of Soc. Servs.*, 436 U.S. 658, 691 (1978).

A threshold question in determining whether Plaintiff can establish *Monell* liability against the County (or its departments) is whether Plaintiff has sufficiently alleged an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Defendant submits Plaintiffs have not.

#### 1. Plaintiffs fail to sufficiently plead facts for an equal protection discrimination claim

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007). To make out an equal protection violation, a plaintiff must prove four elements: (1) the defendant treated [him] differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) the defendant acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. *Moua v. City of Chico*, 324 F. Supp. 2d 1132, 1137 (E.D. Cal. 2004). The Equal Protection Clause requires proof of discriminatory intent or motive. *Navarro v. Block*, 72 F. 3d 712, 716 (9th Cir. 1995).

Here, Plaintiffs assert that the Petition specifically identified their 'cultural background' as a basis for emotional abuse. (Paragraph 293, Complaint). Even if that were sufficient to imply some improper classification, Plaintiffs fail to meet the remainder of the elements – that Plaintiffs were treated

differently that similarly situated individuals, that there was discriminatory intent in applying the classification. That Plaintiffs appear to affirm that their Ukrainian backgrounds do not allow them to affirm S.L. as transgender, arguably then the Petition's statement appears no more than a straightforward factual recitation of what Plaintiffs admit is true. Accordingly, absent facts that Plaintiffs were treated differently that similarly situated individuals, and that there was discriminatory intent in applying the alleged classification, the underlying Equal Protection claim fails.

### 2.   Plaintiffs fail to plead sufficient facts for judicial deception/conspiracy

"To successfully allege a violation of the constitutional right to be free from judicial deception, the [plaintiffs] must make out a claim that includes (1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146–47 (9th Cir. 2021); see also *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978) ("[T]hose allegations must be accompanied by an offer of proof."). "To determine the materiality of omitted facts, [courts] consider whether the affidavit, once corrected and supplemented, establishes probable cause." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) (internal quotation marks omitted). A claim for judicial deception must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because the claim is one "involving fraud." *Benavidez*, 993 F.3d at 1148.

"A plaintiff must present more than conclusory allegations or a recital of [the] elements to state a claim for judicial deception." Id quoting *Wahid v. The Fed. Bureau of Investigation*, No. CV 15-01088-PHX-JJT (BSB), 2017 WL 1488324, at *2 (D. Ariz. Apr. 26, 2017). "The omission of facts rises to the level of misrepresentation only if the omitted facts cast doubt on the existence of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1226 (9th Cir.2009) Likewise, a claim of judicial deception may not be based on statements resulting from negligence or good faith mistakes, "[n]or may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received. Id. at 1224.

Here, Defendants submit that the Complaint falls short of the heightened pleading requirements under rule 9(b). Plaintiffs admit that S.L., "a highly intelligent 15-year-old girl is more than capable of falsely playing the victim. (ECF 1, pg. 20:143). They also allege that their child, "[p]laying the victim

and pretending to be afraid of one's parents is part of the Transgender Playbook." (Id. at 145). Based on these allegations that indicate that S.L. was at least informing the County officials of purported abuse and fear of her parents, Plaintiffs cannot meet the heightened requirements. The acts of the individual Defendants, including removal and filing of petitions are at most akin to a good faith mistake made based on statements from S.L. for the prospective benefit of the child. Defendants submit that apparent reliance based on actions and statements by S.L. that indicated harm from Plaintiffs does not rise to extreme and outrageous conduct. Therefore, the motion to dismiss should be granted.

### 3. Plaintiffs fail to plead sufficient facts of substantive due process violation

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 441 (9th Cir. 2010) (citations and alterations omitted). However, to state a substantive due process claim, premised on the unlawful interference with familial rights, a plaintiff must demonstrate that "the [alleged] harmful conduct must 'shock [ ] the conscience' or 'offend the community's sense of fair play and decency." *Rosenbaum v. Washoe Cty.,* 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172—73 (1952)). "[T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Rather, to impose liability for a violation of an individual's due process rights, the official's actions must "shock[ ] the conscience." *Id*.

Actions that "shock the conscience" are "arbitrary," *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992), "egregious," "deliberate," "unjustifiable by any government interest," *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-50 (1998), "brutal," "offensive," *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957), deny rights "implicit in the concept of ordered liberty," and violate the "decencies of civilized conduct," *Rochin*, 342 U.S. at 169, 173. Negligent conduct does not shock the conscience. *Woodrum v. Woodward Cnty*., 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Defendants submit that the plaintiffs' current allegations regarding defendants' actions do not identify conduct so horrific as to shock the conscience. See e.g. *Kelson v. City of Springfield*, 767 F.2d 651, 652-53 (9th Cir. 1985) (finding behavior shocks conscience where defendants left boy alone in

school bathroom with gun after he attempted to rob his teacher of spare change and then showed vice principal suicide note).

Here, it appears that Plaintiffs base this claim on that social workers found Plaintiffs' refusal to support their own child's intended gender identity as emotional abuse. Viewed in light of the applicable case law, Defendants submit there is no authority that supports the allegations as currently alleged as "conscience shocking".

**4.   Even assuming a properly asserted underlying violation, Plaintiffs' Complaint falls short of stating sufficient facts to establish the other *Monell* elements.**

To state a cognizable claim under *Monell*, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiffs constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). To properly state a *Monell* claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, in addition to Plaintiffs failing to sufficiently allege facts of an underlying constitutional violation, the remainder of the elements of a *Monell* claim also fails. Plaintiffs' conclusory allegation as to any alleged "policy or custom" is simply too vague, and/or are based solely on Plaintiffs' own experiences. While Plaintiffs allege that the "County had a policy or custom under which they seize children from parents who do not "affirm" a child who asserts he or she is "Transgender"" (Paragarph 276, Complaint), this conclusory allegation based on no more than their own experience should be rejected as a proper factual assertion of a policy.

In addition, liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiffs do not point to any other instances similar to theirs to demonstrate a widespread custom. Plaintiffs simply offer conclusory allegations regarding policies and practices of

the County. Such does not satisfy Rule 8 notice requirements. On these bases, all federal claims for relief asserted against the County must be dismissed.

## H. PLAINTIFFS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED

Assuming any federal jurisdiction over the County remains, Plaintiffs' last claim for intentional infliction of emotional distress (pp. 56-57, Complaint), as against the County should be dismissed.

### 1. The County is immune under California Government Code section 815

["'[A]ll common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, ... 'was abolished by California Government Code section 815. 'In the absence of a constitutional requirement, public entities may be held liable only if a statute ... is found declaring them to be liable' "]; see *Young v. County of Marin* (1987) 195 Cal.App.3d 863, 869-870 & fn. 3["[I]t is clear that although Government Code section 815 provides that public entities are not liable for injuries '[e]xcept as otherwise provided by statute,' they are not immune from constitutionally created claims"].).   Thus, where Plaintiffs assert this claim directly against the County, this common law tort for intentional infliction of emotional distress may be asserted.

### 2. Even if based on vicarious liability, the claim fails.

The elements of a prima facie case of intentional infliction of emotional distress in California are: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing emotional distress or reckless disregard of the probability of causing emotional distress; (3) plaintiff's suffering of severe emotional distress; and (4) actual and proximate causation of plaintiff's emotional distress by defendant's conduct. See *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991).  "Outrageous conduct" must rise to a level exceeding the bounds usually tolerated in civilized society. *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council*, 322 F.3d 602, 622 (9th Cir. 2003).

Here, Plaintiffs have failed to allege sufficient facts to demonstrate either "outrageous conduct" or "several emotional distress" as caused by a County employee.  Where Plaintiffs relies on third parties, Plaintiffs do not sufficiently allege they were agents of the County.  Therefore, the motion to dismiss should be granted.

## V. CONCLUSION

For these reasons, the motion to dismiss should be granted.

Dated: December 26, 2025

           PORTER SCOTT
     A PROFESSIONAL CORPORATION

By   */s/ John R. Whitefleet*
       John R. Whitefleet
       Zachary J. Ayre
       Attorneys for Defendants

*Lyashchenko, et al. v. County of Shasta, et al.*
U.S.D.C. – Eastern District of CA Court Case No.: 2:25-CV-3494-DAD-DMC

## DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **SHASTA COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OUR MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| **X** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

***In Pro Per***
Andriy Lyashchenko
Alexandra Lyashchenko
20119 Sunrise Drive
Redding, CA 96003

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California, on December 26, 2025.

*payalkhalasi*
Payal Khalasi