1 | Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
2 | Sean L. Phillips (State Bar No. 334412)
sphillips@wshblaw.com
3 | **WOOD, SMITH, HENNING & BERMAN LLP**
401 Wilshire Blvd, Suite 1070
4 | Santa Monica, California 90401
Phone: 310.481.7600 ♦ Fax: 310.481.7650
5 |
6 | Attorneys for Defendant,
MICHELLE A. SAGER, M.D.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | ANDRIY LYASHCHENKO and
ALEXANDRA LYASHCHENKO, | Case No. 2:25-CV-03494-DAD-DMC

12 | | **DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Plaintiffs,

13 | v.

14 | | Magistrate Judge Dennis M. Cota

SHASTA COUNTY HEALTH AND

15 | HUMAN SERVICES AGENCY; CRYSTAL | Action Field:    12/3/2025
NELSON in her official capacity; JENNIFER | Trial Date:     None Set

16 | SZEPHEGYI-JOHNSON in her official
capacity; NIKKI QUINTANA in her official

17 | capacity; SHANNON ANDERSON in her
official capacity; JARED FOSTER in his

18 | official capacity; PATRICIA DOUGHERTY,
D.Ed. in her individual capacity and as de

19 | facto govt. actor; MICHELLE A. SAGER,
M.D, in her individual capacity and as de facto

20 | govt. actor; MICHAEL HORAN in his
individual capacity and as de facto govt. actor;

21 | MARGARET "MAGGIE" KENEFICK in her
individual capacity and as de facto govt. actor;

22 | HON. MOLLY BIGELOW in her official
capacity only; OFFICE OF THE

23 | CALIFORNIA ATTORNEY GENERAL; and
DOES 1-

24 | 100,

25 | Defendants.

26 | / / /

27 | / / /

28 | / / /

---

41188577.1:10386-0875

DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## NOTICE OF MOTION

**TO ALL PARTIES:** Please take notice that, on **February 18, 2026 at 10:00 a.m.** in Courtroom 304 of the United States District Court, Eastern District of California, located at 2986 Bechelli Lane, Redding California, Defendant MICHELLE A. SAGER, M.D. ("Defendant" or "Dr. Sager") will and hereby does move to dismiss the Complaint filed herein by Plaintiffs Andriy Lyashchenko and Alexandra Lyashchenko ("Plaintiffs") as to Defendant.

This motion is brought on the grounds that:

1. Plaintiffs fail to establish Defendant acted under the color of state law as required for claims under 42 U.S.C. § 1983.

2. Plaintiffs fail to show Defendant's engagement in a conspiracy or class-based animus upon which relief can be granted under 42 U.S.C. § 1985 and § 1986.

3. Plaintiffs fail to state a claim against Defendant based upon intentional infliction of emotional distress as Defendant's therapy was not "outrageous" nor with the intent to cause severe emotional distress.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and is supported by this notice, the memorandum of points and authorities that follows, the operative complaint and other relevant pleadings, matters of which this Court may take judicial notice, and any other appropriate materials, authorities, and argument as may be considered by the Court.

DATED:  December 31, 2025          WOOD, SMITH, HENNING & BERMAN LLP

By:  _____
          BRIAN L. HOFFMAN
          SEAN L. PHILLIPS
          TIFFANY D. CHU
     Attorneys for Defendant, Michelle A. Sager, M.D.

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

2

3    I.    INTRODUCTION..................................................................................................6

4    II.    RELEVANT PLEADINGS..................................................................................6

5    III.    LEGAL STANDARD ..........................................................................................7

6    IV.    ARGUMENT .......................................................................................................7

7          A.    Plaintiffs Failed to State a Claim Under 42 USC § 1983 Because They
                Failed to Show that Dr. Sager Was Acting Under Color of State Law.....................7

8

9          B.    The Complaint Fails to Establish a Conspiracy Between the Dr. Sager and
                Any State Actor to Violate Plaintiffs' Civil Rights. .......................................8

10         C.    Plaintiffs Fail to Show Dr. Sager's Engagement in a Class-Based
                Discriminary Animus Upon Which Relief Can be Granted Under 42

11              U.S.C. § 1985. ..................................................................................10

12         D.    Plaintiffs Claim Under 42 USC § 1986 Should be Dismissed for the
                Reasons Enumerated Above..................................................................11

13

14         E.    Plaintiffs Failed to Establish Dr. Sager's "Outrageous" Misconduct With the
                Intent to Cause Severe Emotional Distress. ..............................................11

15         F.    If The Court Finds Dr. Sager Acted Under Color of State Law, Plaintiffs
                Cannot Overcome the Doctrine of Qualified Immunity..................................12

16    V.    CONCLUSION ...............................................................................................13

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

## TABLE OF AUTHORITIES

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**Page**

### CASES

*Achcar-Winkels v. Lake Oswego Sch. Dist.* (D.Or. Aug. 21, 2015, No. 3:15-cv-00385-ST) 2015 ............................................................................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..................................................... 7

*Briley v. State of Cal.*, 564 F.2d 849 (9th Cir. 1977) ........................................ 8

*Burns v. Cnty. of King*, 883 F.2d 819 (9th Cir. 1989) ...................................... 9

*Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055 (E.D. Cal. 2020) .......... 11

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132 (E.D. Cal. 2017) ................................................................................ 10

*Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758 (9th Cir. 1987) ............. 9

*Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F3d 916, 922 (9th Cir 2011)........................ 8

*Fonda v. Gray*, 707 F.2d 435 (9th Cir. 1983) .................................................. 9

*Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971) ............................ 10

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) .............................................. 12

*Hughes v. Pair*, 46 Cal. 4th 1035, 209 P.3d 963 (2009) ................................. 11

*Ibrahim v. Dep't of Homeland Sec.*, 538 F3d 1250, 1257 (9th Cir 2008). ...... 7

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 ................................................... 7

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)......................... 7

*Opperwall v. State Farm Fire & Cas. Co.*, No. 17-CV-07083-YGR, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) ................................................................ 7

*People v. Stritzinger*, 34 Cal. 3d 505, 668 P.2d 738 (1983) ........................... 10

*Pyne v. Meese* (1985) 172 Cal.App.3d 392, 405-406 ...................................... 12

*Rearden LLC v. Crystal Dynamics, Inc.*, 286 F.Supp.3d 1076, 1079 (N.D. Cal. 2018) ................. 7

*Roeber v. Gateway Found* (D.Wyo. Aug. 17, 2020, No. 19-cv-200 ABJ) ....... 12

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989) ...................... 9

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 ...................................... 7

## <u>REGULATIONS</u>

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 104 ........................................................................... 7

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Dr. Sager was retained by Plaintiffs to treat Plaintiffs' minor child ("S.L.") as a psychiatrist. Plaintiffs assert that Dr. Sager was the party whose report of suspected abuse led to the County of Shasta's ("County") involvement and the June 3, 2024 seizure of S.L.  Plaintiffs plead Dr. Sagar is a de facto government actor under joint action theories and is liable for substantive due process violations and intentional infliction of emotional distress.

When read plainly, the facts alleged in the Complaint by Plaintiffs demonstrates they have not come to terms with Shasta County's dependency proceedings, and have purportedly filed meritless claims against multiple defendants, including Dr. Sager. For the reasons set forth below, the Court should grant Michelle A. Sager, M.D.'s motion, and Plaintiffs' operative Complaint should be dismissed with prejudice.

## II.    RELEVANT PLEADINGS

On or about April 2024, Plaintiffs hired Dr. Sager to provide S.L. with mental health care. Plaintiffs allege Dr. Sager "affirmed" S.L.'s male identity, alienated S.L. from Plaintiffs, and convinced S.L. that Plaintiffs were "emotionally abusive" because they did not "affirm" her. Complaint ¶¶ 20-23, ECF No. 1.  Plaintiffs further allege that Dr. Sager was the anonymous "Reporting Party" who initiated the County's emotional-abuse investigation.  Complaint ¶ 80.

The Complaint asserts Dr. Sager maintains a policy of affirming patients who self-identify as transgender, and that Dr. Sager with Shasta County and other defendants, knew or should have known that "affirming" is harmful and increases the likelihood of medical interventions. Complaint ¶¶26, 251.  Plaintiffs also allege Dr. Sager "did not care" that affirming would harm S.L. and was motivated by money.  Complaint ¶98.

On December 1, 2025, Plaintiffs filed the Complaint and initiated this action.  Dr. Sager  is specifically named in multiple causes of action: (1) § 1983 substantive due process based on alleged conspiracy; (2) a *Monell*-based § 1983 claim in which Plaintiffs contend County had a policy or custom to seize children where parents refuse affirmation; (3) a Fourth Amendment unreasonable seizure claim pleaded against Dr. Sager  as a de facto government actor; and (4) an intentional

1  infliction of emotional distress claim pleaded against several individuals, including Dr. Sager.

2  Complaint ¶¶243-318, 388-395.  Plaintiffs also invoke the "Joint Action Test" to argue Dr. Sager

3  should be deemed a state actor for § 1983 purposes.  In their prayer for relief, Plaintiffs seek,

4  compensatory damages, punitive damages, and attorney's fees.  Complaint ¶¶396, 398-400.

## III.    LEGAL STANDARD

6      The Court should dismiss the complaint under FRCP 12(b)(6) because it fails to state facts that

7  are "plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv*., 572

8  F.3d 962, 969 (9th Cir. 2009).  A claim "has facial plausibility when the plaintiff pleads factual

9  content that allows the court to draw the reasonable inference that the defendant is liable for the

10  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, a mere *possibility* of

11  liability is insufficient: where an allegation is merely "*consistent* with a defendant's liability," it

12  "stops short of the line between possibility and plausibility of entitlement to relief."  *Rearden LLC*

13  *v. Crystal Dynamics, Inc.*, 286 F.Supp.3d 1076, 1079 (N.D. Cal. 2018) (citing *Iqbal*, 556 U.S. at

14  678 (quotations omitted; emphasis added); accord *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055

15  (9th Cir. 2008) (courts do not "accept as true allegations that are merely conclusory, unwarranted

16  deductions of fact, or unreasonable inferences").

17      A Rule 12(b)(6) motion also is the proper vehicle to challenge damages that are not legally

18  recoverable.  *Opperwall v. State Farm Fire & Cas. Co.*, No. 17-CV-07083-YGR, 2018 WL

19  1243085, at *5 (N.D. Cal. Mar. 9, 2018) (citing cases); see also *Whittlestone, Inc. v. Handi-Craft*

20  *Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (adjudication of damages claims is "better suited for a Rule

21  12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion").

## IV.    ARGUMENT

### A.    Plaintiffs Failed to State a Claim Under 42 USC § 1983 Because They Failed to Show that Dr. Sager Was Acting Under Color of State Law.

25      42 U.S.C. § 1983 only provides a remedy against persons acting under color of state law.

26  *Ibrahim v. Dep't of Homeland Sec.,* 538 F3d 1250, 1257 (9th Cir 2008).  While state employment is

27  generally sufficient to render the defendant a state actor, private actors are presumed to be outside

28  the scope of § 1983 as not acting under color of state law. *Florer v. Congregation Pidyon Shevuyim,*

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

*N.A.*, 639 F3d 916, 922 (9th Cir 2011). The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the government? *Achcar-Winkels v. Lake Oswego Sch. Dist.* (D.Or. Aug. 21, 2015, No. 3:15-cv-00385-ST) 2015 U.S.Dist.LEXIS 111638, at *6-7.

Here, Dr. Sager is a private therapist. Plaintiffs have not provided any evidence or indication that Dr. Sager is a state employee or was acting under color of state law. Plaintiffs allege that Dr. Sager acted under governmental authority and/or engaged in joint action with state actors when she communicated information to County through a report. **However, therapists are mandatory reporters under California Child Abuse and Neglect Reporting Act ("CANRA"), Cal. Penal Code §§ 11164 - 11174.3**. This does not establish state action, nor does it plausibly transform a private medical provider into a state actor.

A plain reading of the Complaint's introduction demonstrates that Dr. Sager was acting as any prudent private therapist would. Dr. Sager was hired as a private psychiatrist by Plaintiffs to provide treatment to S.L. Common sense directs that any therapist provides the space for a patient to acknowledge and explore their thoughts in order to be treated and heal. The process of psychotherapy should not be held synonymous with a mere affirmation of a patient's beliefs. It cannot be found that Dr. Sager was acting on behalf of the government as she was simply operating in her capacity as a private therapist.

Dr. Sager is not prima facie liable because she was not acting under state authority in her role as a private therapist hired by the Plaintiffs. Accordingly, all causes of action pursuant to 42 U.S.C. § 1983 should be dismissed as there is no evidence or valid argument that Dr. Sager was acting under color of state law.

**B.    The Complaint Fails to Establish a Conspiracy Between the Dr. Sager and Any State Actor to Violate Plaintiffs' Civil Rights.**

Private medical providers who are not state actors may still be liable under 42 U.S.C. § 1983 if it is established that they conspired with a state actor, resulting in an actual deprivation of civil rights. *Briley v. State of Cal.*, 564 F.2d 849 (9th Cir. 1977). To prove a conspiracy under 42 U.S.C.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

1   § 1983, a plaintiff must show (1) an agreement or a meeting of minds to (2) violate plaintiff's

2   constitutional rights. *Fonda v. Gray*, 707 F.2d 435 (9th Cir. 1983). Demonstrating the existence of

3   a conspiracy does not require each participant's knowledge of the conspiracy's details but each

4   participant must at least share the common objective of the conspiracy. *United Steelworkers of Am.*

5   *v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989). Establishing the existence of a conspiracy

6   can rely on circumstantial evidence of the defendants but cannot rely merely on conclusory

7   allegations of the pleadings. *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d

8   758 (9th Cir. 1987). The plaintiff must state *specific* facts and can rely on defendants' specific

9   actions to support the existence of the claimed conspiracy. *Burns v. Cnty. of King*, 883 F.2d 819

10  (9th Cir. 1989).

11      Here, Plaintiffs fail to establish Dr. Sager's conduct as an actionable conspiracy as

12  distinguished from parallel conduct by independent parties. Plaintiffs cannot rely on blanket

13  assertions that Defendant Shasta County and Dr. Sager jointly acted in reporting Plaintiffs' abuse

14  toward S.L. to establish an actionable conspiracy under § 1983. Plaintiffs only cite Dr. Sager's

15  psychiatric services to S.L. and a report to Shasta County to substantiate their claim of conspiracy.

16  A mere effect from Dr. Sager's compliance with medical statutory reporting duties does not

17  reasonably form a conspiracy amongst all actors within the causal chain. S.L.'s seizure from

18  Plaintiffs and dependency court were necessarily incidental to Dr. Sager's activities in preparing

19  and filing a report as required under CANRA of suspected abuse.

20      Plaintiffs do not offer non-conclusory facts showing Dr. Sager entered into any agreement

21  with a state actor, much less that she shared an unconstitutional objective or undertook an overt act

22  to further such an objective. Plaintiffs' reliance on generalized assertions of "conspiracy" and

23  "coordination" are the types of allegations courts throughout California reject. As such, Plaintiffs'

24  claims of 42 U.S.C. § 1983 violations as to Dr. Sager must be dismissed.

25  / / /

26  / / /

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

**C.    Plaintiffs Fail to Show Dr. Sager's Engagement in a Class-Based Discriminatory Animus Upon Which Relief Can be Granted Under 42 U.S.C. § 1985.**

Claims under 42 U.S.C. § 1985 require plaintiffs to establish specific elements including a conspiracy motivated by a class-based discriminatory animus. Plaintiffs must allege and establish: (1) a conspiracy; (2) for the purpose of depriving a class of persons of the equal protection of the laws or of the equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is deprived any right or privilege of a citizen of the United States. *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132 (E.D. Cal. 2017).

For the reasons discussed above, Plaintiffs fail to demonstrate the Dr. Sager's engagement in a conspiracy and, even less so, establish the Dr. Sager's discriminatory animus. The foundational requirement for § 1985 claims, as established in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971), where the Supreme Court held that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). In other words, the conspiracy must be driven by the intent to deprive a person or class of persons' equal enjoyment of rights.

Here, Plaintiffs do not plead facts specific to Dr. Sager showing that Dr. Sager harbored or acted upon animus toward Plaintiffs based on Plaintiffs' membership in a protected class with the intent to deprive. Plaintiffs' allegations against Dr. Sager include counseling statements, an alleged anonymous report and supposed financial motivation. None of the allegations from Plaintiffs are facts from which the Court can reasonably infer class-based discriminatory animus by Dr. Sager. Psychiatrists have a statutorily imposed duty to report suspected child abuse to child protective agencies. *People v. Stritzinger*, 34 Cal. 3d 505, 668 P.2d 738 (1983). Dr. Sager's actions here are aligned with any other healthcare provider's treatment and statutory reporting obligations. It is clear that Dr. Sager was simply acting within her capacity as a psychiatrist.

1   Absent sufficient allegations establishing class-based discriminatory animus, dismissal of

2   Plaintiffs' 42 U.S.C. § 1985 claim is warranted.

3   **D.     Plaintiffs Claim Under 42 USC § 1986 Should be Dismissed for the Reasons**

4   **Enumerated Above.**

5   A valid claim for relief under 42 U.S.C. § 1985 is a condition precedent for any action under

6   § 1986.  *Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055 (E.D. Cal. 2020).

7   For reasons enumerated above, Plaintiffs' § 1985 fails.  Because Plaintiffs' § 1985 claim

8   fails, so must their cause of action under § 1986.  Accordingly, Plaintiffs' 42 U.S.C. § 1986 claim

9   should be dismissed.

10   **E.     Plaintiffs Failed to Establish Dr. Sager's "Outrageous" Misconduct With the**

11   **Intent to Cause Severe Emotional Distress.**

12   A prima facie case of intentional infliction of emotional distress ("IIED") in California requires

13   Plaintiffs establish: (1) extreme and outrageous conduct by the defendant; (2) with the intention of

14   causing, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff suffering

15   severe or extreme emotional distress; and (4) actual and proximate causation of the emotional

16   distress by the defendant's outrageous conduct.  *Hughes v. Pair*, 46 Cal. 4th 1035, 209 P.3d 963

17   (2009).

18   Here, Plaintiffs' IIED claim against Dr. Sager fails on multiple grounds: the alleged conduct is

19   not extreme and outrageous; there is no evidence of intent or reckless disregard; and the conduct is

20   privileged or justified.

21   Plaintiffs' allegations do not describe conduct that is so extreme as to exceed all bounds of

22   decency.  Dr. Sager  allowed S.L. to discuss their mental health, gender identity, and Dr. Sager

23   submitted a report to County as statutorily required.  The alleged conduct attributed to Dr. Sager

24   reflects, at most, a medical provider acting within their scope of providing mental health services.

25   Because Dr. Sager's alleged acts are neither intolerable or outrageous, the IIED claim necessarily

26   fails.

27   IIED requires proof that the defendant intended to cause the plaintiff severe emotional distress

28   or acted with the reckless disregard of the probability of causing such distress, neither of which

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

1  Plaintiffs are able to allege.  As outlined above, the Complaint contains no circumstances or facts

2  supporting an inference that Dr. Sager acted with the intent to inflict emotional injury nor that she

3  consciously disregarded a substantial risk of severe distress.  Again, Plaintiffs' facts alleged merely

4  demonstrate Defendant's conduct within her scope as a private therapist.  Absent specific facts

5  showing Defendant's intent to cause severe emotional distress, Plaintiffs' IIED theory fails.

6  Plaintiffs' failure to allege sufficient facts to establish a prima facie case for IIED warrants

7  dismissal.

8  **F.    If The Court Finds Dr. Sager Acted Under Color of State Law, Plaintiffs**

9  **Cannot Overcome the Doctrine of Qualified Immunity**

10  Government officials performing discretionary functions generally are shielded from liability

11  for civil damages insofar as their conduct does not violate clearly established statutory or

12  constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457

13  U.S. 800, 818 (1982). California law regarding qualified immunity mirrors that of the federal

14  government.  *Pyne v. Meese* (1985) 172 Cal.App.3d 392, 405-406.

15  A plaintiff must meet two elements to overcome the qualified immunity presumption: first,

16  each defendant violated a constitutional right, and second, such right was clearly established under

17  the law to such an extent the defendant would have understood his conduct was impermissible.

18  Failure  on either element is fatal to the plaintiff's case. *Roeber v. Gateway Found* (D.Wyo. Aug.

19  17, 2020, No. 19-cv-200 ABJ) 2020 U.S.Dist.LEXIS 164907, at *17.

20  Here, Plaintiffs allege Dr. Sager conspired with the County Defendants through a policy

21  treats parents' refusal to "affirm" a child's claimed transgender status as emotional abuse, and to

22  fabricate and maintain false pretexts necessary to detain S.L. Plaintiff has failed to establish Dr.

23  Sager violated any constitutional right, and Plaintiffs have not established that such rights were

24  clearly established to the extent Dr. Sager would have understood her conduct was impermissible.

25  As argued above, Dr. Sager  acted as any reasonable therapist would: she was required  under

26  CANRA of suspected abuse.

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Plaintiff's rights were not deprived, nor was it plainly obvious to Dr. Sager. The Complaint also fails to demonstrate that Dr. Sager's actions were so offensive as to  "shock the conscience." Again, Dr. Sager is a private therapist. Her actions as a therapist in treating S.L. did not  "shock the conscience." Such actions are commonplace and completely normal in any therapy setting. It is clear that she was simply acting within her capacity as a therapist in treating S.L. as any therapist would.

Accordingly, Plaintiffs cannot show that Dr. Sager violated their constitutional rights, nor have they established that any  such rights were clearly established to the  extent that Dr. Sager would  know that her actions violated the law. Plaintiffs  cannot overcome the two elements of qualified immunity and, as such, Dr. Sager should be immune from suit and dismissed with prejudice.

## V.    CONCLUSION

For the reasons discussed, Defendant MICHELLE A. SAGER, M.D. respectfully requests that this Court grant her Motion to Dismiss as outlined above.

DATED:  December 31, 2025              WOOD, SMITH, HENNING & BERMAN LLP

By:    _____
        BRIAN L. HOFFMAN
        SEAN L. PHILLIPS
        TIFFANY D. CHU
Attorneys for Defendant,
MICHELLE A. SAGER, M.D.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**PROOF OF SERVICE**

**Andriy Lyashchenko and Alexandra Lyashchenko v. Shasta County Health and Human Services Agency et al.,**
**United States Eastern District of California Case No. 2:25-CV-03494-DAD-DMC**

I am employed in the County of Sonoma County, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 201 1st Street, Suite 209, Petaluma, CA 94952-4289.

On December 31, 2025, I served the following document(s) described as **DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Petaluma, California, on that same day following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address lamaya@wshblaw.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 31, 2025, at Petaluma, California.

_____
Lucy Amaya

1

**SERVICE LIST**
**Andriy Lyashchenko and Alexandra Lyashchenko v. Shasta County Health and Human**
**Services Agency et al.,**
**United States Eastern District of California Case No. 2:25-CV-03494-DAD-DMC**

2

3

Andriy Lyashchenko
20119 Sunrise Drive
Redding, CA 96003
alyas77@gmail.com
*PRO SE*

Alexandra Lyashchenko
20119 Sunrise Drive
Redding, CA 96003
alexandraed@gmail.com
*PRO SE*

4

5

6

John Robert Whitefleet
Porter Scott
2180 Harvard,
Suite 500
Sacramento, CA 95815
Tel: 916-929-1481 // Fax: 916-927-3706
jwhitefleet@porterscott.com
*Attorney for Defendants,*
**SHASTA COUNTY HEALTH AND**
**HUMAN SERVICES AGENCY, CRYSTAL**
**NELSON, JENNIFER SZEPHEGYI-**
**JOHNSON, NIKKI QUINTANA,**
**SHANNON ANDERSON, and JARED**
**FOSTER**

Randall Cooling Nelson
Carr, Kennedy, Peterson & Frost
420 Redcliff Drive
Redding, CA 96002
Tel: 530-222-2100
ynasser@ckpf.com
*Attorney for Defendant,*
**MARGARET KENEFICK**

7

8

9

10

11

12

13

14

Sharon Margaret Nagle
Bold, Polisner, Maddow, Nelson, & Judson
2125 Oak Grove Road
Suite 210
Walnut Creek, CA 94598
Tel: 925-933-7777 // Fax: 925-933-7804
snagle@bpmnj.com
*Attorney for Defendant,*
**HONORABLE MOLLY BIGELOW**

Diane Cragg
Office of The Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Tel: 415-510-3836
diane.cragg@doj.ca.gov
*Attorney for Defendant,*
**OFFICE OF CALIFORNIA ATTORNEY**
**GENERAL**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

-2-
DEFENDANT MICHELLE A. SAGER M.D.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)