KEVIN M. TROY, SBN 304417
(ktroy@ymclegal.com)
SARAH KALAS BANCROFT, SBN 248403
(sbancroft@ymclegal.com)
**YOUNG, MINNEY & CORR, LLP**
655 University Ave. Suite 150
Sacramento, CA 95825
Telephone:    (916) 646-1400
Facsimile:    (916) 646-1300

*Attorneys for Defendant,*
PATRICIA DOUGHERTY, D.ED.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNA

| | |
|---|---|
| ANDRIY LYASHCHENKO AND ALEXANDRA LYASHCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY; SHASTA COUNTY SHERIFF'S OFFICE; CRYSTAL NELSON; JENNIFER SZEPHEGYI-JOHNSON; NIKKI QUINTANA; SHANNON ANDERSON; JARED FOSTER; PATRICIA DOUGHERTY, D.ED.; MICHAELLE A. SAGER, M.D. as an individual, and as *de facto* government actor; MICHAEL HORAN; MARGARET "MAGGIE" KENEFICK; THE OFFICE OF THE CALIFORNIA ATTORNEY GENERAL; and DOES 1-100,<br><br>Defendants | CASE NO.: 2:25-CV-03494-DAD-DMC-PS<br><br>**DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br><br><br><br><br><br><br><br>Complaint Filed 12/03/2025<br>First Amended Complaint Filed 1/15/2026 |

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA 95825

-1-

Defendant PATRICIA DOUGHERTY, D.ED. ("Defendant") by and through her undersigned counsel, submits her Answer and Affirmative Defenses to the Verified First Amended Complaint ("FAC") filed by Plaintiffs ANDRIY LYASHCHENKO and ALEXANDRA LYASHCHENKO ("Plaintiffs") as follows:

## I.    PATRICIA DOUGHERTY'S ANSWER

1.    With respect to Paragraph 26 of the FAC, Defendant admits that Patricia Dougherty is the CEO and Executive Director of Phoenix Charter Academy College View. Defendant further admits that as a duly authorized California charter school Phoenix Charter Academy College View is a "publicly funded school." The phrase "the relevant time" is vague and ambiguous, and on that ground Defendant denies the allegation contained in paragraph 26 that S.L. attended Phoenix Charter Academy College View "at the relevant time." Defendant denies each and every remaining allegation contained in paragraph 26 of the FAC.

2.    Defendant admits the allegations contained in Paragraph 61.

3.    With respect to Paragraph 111, Defendant admits Dr. Patricia Dougherty is CEO of Phoenix Charter Academy College View. Defendant denies each and every remaining allegation contained in Paragraph 111.

4.    With respect to Paragraph 393, Defendant admits that Defendant's former counsel Lee Rosenberg sent a letter to Plaintiffs entitled "Demand to Cease and Desist" on November 7, 2025; that the letter stated that Plaintiffs are publishing "false and highly inflammatory claims" about Dr. Dougherty; and that the letter demanded that Plaintiffs stop posting and immediately take down their previous posts. Defendant denies each and every remaining allegation contained in Paragraph 393.

5.    With respect to Paragraph 395, Defendant admits that on November 10, 2025, Plaintiffs responded with a 5-page letter in which Plaintiffs asked for quotations as to material Mr. Rosenberg contended was defamatory and/or inflammatory. Defendant denies each and every remaining allegation contained in Paragraph 395.

6.    Defendant denies each and every remaining allegation contained in the FAC.

///

///

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA 95825

-2-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**JURY TRIAL DEMAND**

No response by the Defendant is required.

**PLAINTIFFS' PRAYER FOR RELIEF**

Defendant denies each and every allegation in Plaintiffs' Prayer for Relief to which a response is required. Defendant denies that Plaintiffs are entitled to any of the damages, fees, costs, or relief alleged or sought as asserted in the FAC or otherwise, or at all.

## II.    DOUGHERTY'S AFFIRMATIVE DEFENSES

As and for her Affirmative Defenses to the Complaint, Dougherty alleges the following separate and distinct affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.    Plaintiffs' Complaint, and each and every claim or cause of action therein, fails to state facts sufficient to constitute a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Improper Party)**

2.    Defendant alleges that it is an improper party not subject to suit.

**THIRD AFFIRMATIVE DEFENSE**

**(Coverdell Act Immunity)**

3.    Defendant alleges that she is immune from liability pursuant to the provisions of the Paul D. Coverdell Teacher Protection Act of 2011, 20 U.S.C. 6731, et seq.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Notice)**

4.    Defendant asserts they she not have notice of the alleged wrongful conduct described in Plaintiffs' Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5.    Plaintiffs' Complaint is barred, in whole or in part, by the applicable state and federal statute of limitations.

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA 95825

-3-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

7. Plaintiffs consented, either expressly or impliedly, to any acts, omissions, representations, communications, or conduct as may be shown on the part of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

8. Plaintiffs have not alleged that Defendant has violated a federal law (nor diversity of citizenship), and therefore supplemental jurisdiction of the California state law claim against Defendant is not proper in this Court.

**NINTH AFFIRMATIVE DEFENSE**

**(Immunity)**

9. Defendant asserts that she is immune from any and all liability through application of the concept of qualified immunity.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

10. Defendant asserts that any and all acts or conduct as may be shown on the her part were lawful, justified, undertaken in good faith, and/or privileged. Defendant asserts that at all relevant times, she and her agents and employees acted in good faith and with reasonable belief as to the legality of things and matters attributed to them, and that as a consequence thereof, no liability should be imposed on Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

11. As to each alleged cause of action, Plaintiffs failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiffs' recovery herein.

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA 95825

-4-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative / Apportionment of Fault)**

12.    Plaintiffs, other defendant(s) and/or other third persons or entities other than Defendant, caused or contributed to the damages Plaintiff claims to have suffered, if any. Therefore, any award made in favor of Plaintiffs in this case must be divided between the parties so that each pays only their or its fair share in relationship to his, her or its amount of fault, and, as such, said wrongful acts, negligence and/or other fault comparatively reduces the percentage of any liability attributable to Defendant, if she should be found negligent or otherwise at fault, which each expressly denies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Several Liability for Non-Economic Damages)**

13.    Under California Civil Code section 1431.2, the liability of a defendant for noneconomic damages is several only, and cannot be joint. If a judgment is rendered against Defendant, then such shall be liable only for the amount of non-economic damages allocated to every other defendant in direct proportion to its respective percentage of fault, if any, and the trier of fact should render separate judgments in accordance with California Civil Code section 1431.2.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Damages or Injury)**

14.    Plaintiffs have not suffered any damages as a result of any actions taken by Defendant, and Plaintiffs are, thus, barred from asserting any claim against any one of them.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Third-Party Conduct as Superseding and/or Intervening Cause)**

15.    Defendant alleges the harm suffered by Plaintiffs, if any, are solely the result of a supervening and intervening cause by third party actors, not under the control or supervision of Defendant at the relevant times, engaging in highly unusual or extraordinary behavior that Defendant did not know of and had no reason to expect. In the alternative, if Plaintiffs sustained damages, such damages were the result of a concurrent cause or causes which reduce the liability of Defendant, if any, in proportion to the damages resulting from such concurrent cause.

///

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA  95825

-5-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Tort/Criminal Act as Superseding Cause)

16. Defendant alleges the harm suffered by Plaintiffs, if any, is solely the result of third-party actors, not under the control or supervision of Defendant at all relevant times, committing torts or intentional acts, and that Defendant did not know and could not have reasonably foreseen the third party would commit such acts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Conduct)

17. Defendant alleges the acts of others were not foreseeable because Defendant was not aware of any tendencies or habits that would create an unreasonable risk to others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Deliberate Indifference)

18. Plaintiffs are not entitled to some or all of the relief requested in the First Amended Complaint because, even if the allegations contained therein in fact occurred, which Defendant denies, such conduct was prohibited by policies and was not done with deliberate indifference.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

19. Plaintiffs' First Amended Complaint may not be maintained because there is no vicarious liability.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Alternative, Pre-Existing, Subsequent and/or Concurrent Proximate Causation)

20. Whatever injury or damage may have been sustained by Plaintiffs was not proximately caused by any act or omission on the part of Defendant, and Plaintiffs' alleged injuries and damages were caused, in whole or part, by pre-existing conditions or other contributory or concurrent conditions or factors, including events that occurred before or after the occurrences that form the basis of Plaintiffs' First Amended Complaint. Defendant alleges to the extent Plaintiffs suffered any symptoms of mental or emotional distress or injury, it was the result of a pre-existing psychological disorder and/or alternative concurrent cause(s), and not the result of any act or omission by Defendant.

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA 95825

-6-
DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Due Care)

21.     Defendant has at all times exercised due care concerning any actions, conduct, or other matters alleged in Plaintiffs' Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

22.     Defendant asserts that Plaintiffs' First Amended Complaint fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Common Law Immunity)

23.     Dougherty asserts she is entitled to federal common law qualified immunity in that she did not violate a clearly established constitutional right of Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

24.     Defendant asserts that Plaintiffs' First Amended Complaint is barred by the doctrine of sovereign immunity as set forth in the Eleventh Amendment to the United States Constitution and as it arises from the structure of the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Supervisory Liability)

25.     Defendant asserts Plaintiffs' claims are barred to the extent they premise their theory of liability on supervisory liability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Decisions)

26.     Defendant asserts her actions, as well as the actions of its employees and agents, were taken for legitimate non-discriminatory reasons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Medical Reductions)

27.     Defendant claims a reduction in any judgment for medical related expenses pursuant to

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA  95825

-7-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

California case law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Policies and Procedures)

28.    Defendant asserts she took reasonable care to prevent and promptly correct any conduct of the type alleged in the First Amended Complaint, that she has effective policies and procedures, including complaint procedures concerning same, and that at no time did Plaintiffs take advantage of the preventative or corrective opportunities provided by Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29.    Defendant alleges she currently has insufficient knowledge or information on which to form a belief as to whether each may have additional, as yet unstated, defenses available. Defendant expressly reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## PRAYER

WHEREFORE, Defendant PATRICIA DOUGHERTY, D.ED. prays:

1.    That Plaintiffs takes nothing by their First Amended Complaint and for a judgment in favor of DOUGHERTY and against Plaintiffs, dismissing the First Amended Complaint;

2.    That PATRICIA DOUGHERTY, D.ED. is awarded damages according to proof at trial;

3.    That PATRICIA DOUGHERTY, D.ED be awarded her costs of suit, including reasonable attorney's fees; and,

4.    That this Court order such other and further relief in PATRICIA DOUGHERTY's, favor as the Court may find just and proper.

Dated:  February 2, 2026          **YOUNG, MINNEY & CORR, LLP**

By: _____
KEVIN M. TROY
*Attorney for Defendant,*
PATRICIA DOUGHERTY, D.ED.

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA  95825

-8-
DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant DOUGHERTY hereby demands a jury trial.

Dated:  February 2, 2026

YOUNG, MINNEY & CORR, LLP

By: _____
KEVIN M. TROY
*Attorney for Defendant,*
PATRICIA DOUGHERTY, D.ED.

YOUNG, MINNEY
& CORR, LLP
655 UNIVERSITY AVENUE,
SUITE 150
SACRAMENTO, CA  95825

-9-

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

I, TONI CISNEROS, declare:

I am over the age of eighteen years and not a party to this action.  I am employed by the law firm of Young, Minney & Corr, LLP in the County of Sacramento, California and my business address is 655 University Ave., Suite 150, Sacramento, CA 95825.  On the date set forth below, I served the foregoing document described as **DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**, on the interested parties in this action as follows:

| | |
|---|---|
| ANDRIY LYASHCHENKO<br>ALEXANDRA LYASHCHENKO<br>20119 SUNRISE DRIVE<br>REDDING, CA 96003<br>T: 508-250-8597<br>EMAIL: ALYAS77@GMAIL.COM<br>        ALEXANDRAED@GMAIL.COM | *Attorney for Plaintiffs, In Pro Per* |

| | |
|---|---|
| [   ] | **(VIA U.S. MAIL)** to be placed in the U.S. Mail at Sacramento, California with postage thereon fully prepaid.<br><br>I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| [XX] | **(VIA ELECTRONIC MAIL)** I caused such document to be transmitted by electronically mailing a true and correct copy from tcisneros@ymclegal.com to the email address(es) set forth as stated on the attached service list per agreement in accordance with CRC Rule 2.251 and the Code of Civil Procedure section 1010.6. The transmission was reported as complete and without error. |
| [   ] | **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee. |
| [   ] | **(VIA OVERNIGHT MAIL)** by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing overnight mail, addressed as set forth below.  In the ordinary course of business mail placed in that designated area is picked up that same day for delivery the following business day. |

| | |
|---|---|
| [XX] | **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made. |

Executed on February 2, 2026 at Sacramento, California.

_____
TONI CISNEROS

4905-1212-8396, v. 5

YOUNG, MINNEY<br>& CORR, LLP<br>655 UNIVERSITY AVENUE,<br>SUITE 150<br>SACRAMENTO, CA 95825

DEFENDANT PATRICIA DOUGHERTY, D.ED.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL