**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRIY LYASHCHENKO, et al., | No.  2:25-CV-3494-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER |
| SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is Plaintiffs' motion for early discovery.  <u>See</u> ECF No. 62.  Defendants have filed opposition briefs.  <u>See</u> ECF Nos. 65 and 67.  Plaintiffs have filed a reply.  <u>See</u> ECF No. 68.  For the reasons discussed below, Plaintiffs' motion for early discovery will be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.  BACKGROUND

### A.    Procedural History

Plaintiffs initiated this action with a complaint filed on December 3, 2025.  See ECF No. 1.  Plaintiffs then filed a first amended complaint as of right on January 15, 2026.  See ECF No. 16.  Defendants responded with separate motions to dismiss which are pending before the District Judge.  Also before the District Judge is Defendant Horan's motion to strike Plaintiffs' state law claims under California's litigation privilege statute, Cal. Code of Civil Pro. § 425.16.

### B.    Plaintiffs' Allegations

Plaintiffs name the following as defendants: (1) Shasta County Health and Human Services Agency; (2) Shasta County Sheriff's Office; (3) Michelle A. Sager, M.D.; (4) Patricia Dougherty, Ed.D.; (5) Michael Horan; (6) Margaret "Maggie" Keneflick; and (6) Office of the California Attorney General.  See ECF No. 16, pgs. 8-9.

Plaintiffs' claims appear to stem from child dependency proceedings initiated on behalf of their child S.L., who Plaintiffs state is biologically female.  See id. at 11-12.  S.L. was born in 2008.  See id.  According to Plaintiffs, S.L. is "mentally unhealthy."  Id.  Plaintiffs state that S.L has been "cutting herself and threatening suicide" since she was ten years old and that, more recently, S.L. has been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), Borderline Personality Disorder (BPD), and Oppositional Defiance Disorder (ODD).  Id.  Plaintiff allege that they have been and continue to be willing to provide mental health care for S.L., and that they have never abused S.L.  See id.

In 2022, S.L. and her mother – Plaintiff Alexandra Lyashchenko – attended a "well visit" with a doctor at Children's Legacy Center (CLC).  Id. at 14.  At the time, S.L. was 13 years old.  See id.  S.L. requested a referred for mental health treatment and was ultimately referred to see a psychiatrist, Defendant Michelle Sager, M.D.  See id.  S.L. began seeing Defendant Sager in March 2023.  See id.  At the time, S.L. was 14 years old.  See id.  Plaintiffs claim that, in March 2023, S.L. began identifying as "Transgender" and that, unbeknownst to them until over a year later, S.L. had chosen a boy's name.  Id.  Plaintiff state that S.L.

complained to Defendant Sager that her parents refused to "affirm" S.L.'s gender identity and that Defendant Sager "affirmed" S.L.'s gender identity "knowing that such was harmful." Id.

Next, Plaintiffs state that "[s]ometime before 06-03-2024," a anonymous report was made to county officials that Plaintiffs were emotionally abusing S.L. by failing to affirm S.L.'s gender identity. Id. Plaintiffs believe that Defendant Sager was the reporting party. See id. According to Plaintiff, a social worker – Defendant Crystal Nelson – arrived at Plaintiffs' home in Redding, California, at which time S.L. "pretended to be scared of her parents, who have never given her any reason to be afraid." Id. at 15. It appears that S.L. was removed from the home at that time and placed into foster care with Defendant Margaret Kenefick. See id. at 23.

Two days later, on June 5, 2024, a juvenile dependency petition was filed on behalf of S.L in the Shasta County Superior Court. See id. at 16. Among other things, the petition alleges: "The child, [S.L.], is at risk of continued emotional abuse by the parents, Alexandra Lyashchenko and Andriy Lyashchenko, due to their inability to support the child in their gender identity exploration causing emotional harm," and "The child, [S.L.], wants to explore transitioning, but the parents do not support them and will not use the preferred pronouns." Id. Plaintiffs deny the allegations in the dependency petition.

Defendant Michael Horan was appointed by the state court as S.L.'s attorney to represent the child's best interests. See id. at 28. According to Plaintiffs, he "manifestly failed to do so." Id. More specifically, Plaintiffs assert that Defendant Horan did not act in S.L.'s best interests because Horan "affirmed" S.L.'s gender identity and referred to S.L. by the child's chosen boy name. Id. at 28-29.

On August 29, 2025, Shasta County Superior Court Judge Molly Bigelow issued an order declaring S.L. a dependent of the Shasta County Juvenile Court. See id. at 29. As of the filing of the first amended complaint, S.L. remains in county custody. See id. at 32.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

Plaintiffs seek an order permitting early discovery prior to the parties' initial conference pursuant to Federal Rule of Civil Procedure 26(f).  See ECF No. 62.  More specifically, Plaintiffs ask to be permitted to engage in limited targeted early discovery and that consideration of Defendant Horan's motion to strike be deferred pending completion of such discovery.  See id.

Parties are generally not entitled to engage in discovery prior to a Rule 26(f) conference.  See Fed. R. Civ. P. 26(d)(1).  The Court may, however, permit early discovery on a showing of good cause.  See Fluke Elecs. Corp. v. CorDEX Instruments, 2013 WL 566949, at *10 (W.D. Wash. 2013) ("Courts within the Ninth Circuit generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference"); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); see also Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  To determine whether good cause exists, courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  Rovio Ent. Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).  Permitting early discovery deviates from the normal practice under the Federal Rules of Civil Procedure and is an extraordinary form of relief.  See Am. LegalNet, Inc., 637 F. Supp. 2d at1066 (citing Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).  To obtain early discovery, the moving party must show that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." See Am. LegalNet, Inc., 637 F. Supp. 2d at1066 (citing In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)).

Plaintiffs argue that Defendant Horan's motion to strike under California's anti-SLAPP statute challenges the factual sufficiency of their allegations, Defendant Horan's motion is essentially a motion for summary judgment and, as such, Plaintiffs are entitled to discovery pursuant to Federal Rule of Civil Procedure 56(d).  See ECF No 62.

Plaintiff's argument is unpersuasive. In <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832 (9th Cir. 2001), the Ninth Circuit explained that an anti-SLAPP motion may be brought on the grounds that (1) the claims have an insufficient legal basis, or (2) there is no evidence of sufficient substantiality that supports a judgment for the plaintiff. <u>See id.</u> at 840. If the court determines the motion is based on legal insufficiency, the motion should be analyzed under Rule 12(b)(6). <u>See Herring Networks, Inc., v. Maddow</u>, 8 F.4th 1148, 1155 (9th Cir. 2021). If the court determines the motion is based on a factual challenge, the court should evaluate the motion as a motion for summary judgment under Rule 56 and, if appropriate, permit discovery. <u>See id.</u> at 1156. Here, Defendant Horan's motion to strike is pending before the District Judge, who has not made any determination as to the nature of the motion, whether it be a factual or legal challenge. The undersigned will not pre-determine that issue in advance of the District Judge's consideration. In this regard, the Court notes that Defendant Horan characterizes his motion as a legal, not a factual, challenge to the allegations in the operative amended complaint. <u>See</u> ECF No. 65.

Given that it has not yet been determined that Defendant Horan's motion to strike constitutes a factual challenge which could trigger early discovery, the Court finds that Plaintiffs have not met their burden of showing a need at this time for the early discovery they seek. Further, given that an anti-SLAPP motion is designed to avoid unnecessary delay, the Court further finds that, on the current record and in the absence of the District Judge's assessment of Defendant Horan's motion to strike, allowing early discovery now would result in unnecessary delay thereby creating prejudice to Defendant Horan. <u>See Metabolife</u>, 264 F.3d at 839 (stating that the anti-SLAPP statute was enacted to allow early dismissal of meritless cases aimed at chilling expression).

/ / /

/ / /

/ / /

/ / /

/ / /

5

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for early discovery, ECF No. 62, is denied.


Dated:  July 2, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE